NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

CIVIL ACTION NO. 06-CV-143-HRW

ERIC JEROME GILL                                                                                   PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

DEPARTMENT OF CORRECTIONS, ET AL.                           DEFENDANTS

Eric Jerome Gill ("Gill") is presently confined at the Eastern Kentucky Correctional Complex in East Liberty, Kentucky, and has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983. The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). A *pro se* complaint is held to less stringent standards than those drafted by attorneys. *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations must be taken as true and construed in favor of the plaintiff during screening. *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). But a court may dismiss a case at any time if it determines that the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2).

**BACKGROUND**

Gill's complaint spans 37 handwritten pages followed by an additional 58 pages of exhibits. In it, he asserts 7 claims against 16 defendants. Notwithstanding the complaint's volume, Gill's allegations are straightforward: that defendant William Smith sexually harassed him, and that the other defendants either permitted this misconduct or retaliated against him when he complained about it. He seeks damages and injunctive relief.

Gill's complaint begins on a form commonly used by prisoners to initiate a civil rights action. A question on the first page asks, "Have you begun other lawsuits in State or Federal Court dealing with the same facts involved in this action or otherwise relating to your imprisonment?" Gill responded that he had by checking the line indicating "Yes." In response to follow-up questions on the form, Gill indicated that he had named the Department of Corrections and others in a civil suit filed in the Morgan Circuit Court on September 18, 2006. The case was assigned docket number 06-CI-00183, and remained pending as of October 10, 2006, the date he deposited his complaint in the present suit in the prison mail for filing.

**DISCUSSION**

Gill's complaint must be dismissed without prejudice in order to permit his previously-filed state court action to proceed. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court must not interfere with pending state civil or criminal judicial proceedings where important state interests are involved. *Id*. at 44-45; *see also New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367-68 (1989). Instead, the federal court must abstain from hearing the case on the merits. *Exec. Arts Studio v. City of Grand Rapids*, 391 F.3d 783, 791 (6th Cir. 2004). *Younger* abstention applies whether the federal plaintiff seeks monetary, injunctive, or declaratory relief. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998).

*Younger* abstention is required if: (1) there are ongoing state judicial proceedings; (2) those proceedings implicate important state interests; and (3) the plaintiff has an adequate opportunity to assert his constitutional claims in those proceedings. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 435 (1982) ("So long as the constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith,

harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain"); *Gilbert v. Ferry*, 401 F.3d 411, 419 (6th Cir. 2005); *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003). All three of these requirements are present here. First, Gill filed his state court action approximately one month before he filed this federal action, and he indicates that the same facts alleged in his present complaint are a part of the state court proceeding. Second, Kentucky unquestionably has a strong state interest in reviewing and adjudicating matters arising out of the operation of its prisons and the implementation of the prison grievance system. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998) (affirming *Younger* abstention of civil rights action filed in federal court after civil enforcement proceeding filed in state court). Third, Gill may raise his constitutional claims, as well as his pendent state law claims for negligence, intentional infliction of emotional distress, and breach of fiduciary duty, in the Morgan Circuit Court. *GTE Mobilnet v. Johnson*, 111 F.3d 469, 482 (6th Cir. 1997) (state proceedings should be deemed to afford party adequate opportunity to raise constitutional challenges). Accordingly, *Younger* requires this Court to abstain from hearing Gill's case until the conclusion of proceedings in Morgan Circuit Court. *Lutz v. Calme*, 198 F.3d 246 (6th Cir. 1999) (unpublished disposition) (affirming trial court's dismissal of civil rights claims under *Younger* abstention); *see also Reynalds v. Messer*, 2002 WL 1879958 (6th Cir. 2002) (unpublished disposition). Unlike the other abstention doctrines, when a case is properly within the *Younger* doctrine, the district court has no discretion to grant relief and, instead, must decline to interfere with the state tribunal. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 816 n.22 (1976); *Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990).

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE.**

(2 The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This November 1, 2006.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge